

February 15, 2012

WRITER'S DIRECT NUMBER: (317) 236-2275
DIRECT FAX: (317) 592-4665
INTERNET: george.gasper@icemiller.com

**SUBMITTED VIA ELECTRONIC FILING ONLY,
TO THE COURT AND ALL COUNSEL**

Patricia S. Connor, Clerk
Fourth Circuit Court of Appeals
1100 East Main Street, Suite 501
Richmond, VA 23219-3538

    Re: *Carty, Plaintiff-Appellant, v. Westport et al, Defendants-Appellees*
         Record No. 10-2087

Dear Ms. Connor:

    Pursuant to Fed. R. App. P. 28(j), Appellees respectfully submit this response to the letter filed by Appellant on February 13, 2012.

    Appellant's submission purports to describe four decisions as "pertinent and significant authorities" that supplement prior briefing and argument in this case. Those decisions, however, are neither supplemental nor pertinent (let alone, significant). Indeed, they were all published prior to oral argument and two were even published prior to briefing.

    At the outset, Appellant continues to incorrectly cite state court precedent (*Carsanaro*) regarding the applicable standard for motions to dismiss in federal court. Federal law governs this determination. *Campbell v. Enterprise Holdings, Inc.*, 2011 U.S. Dist. LEXIS 148302 at *8 n.3 (E.D.N.C. Dec. 2011).

    Second, Appellant cites two decisions (*White* and *Demming*) that purportedly relate to the issue as to whether the individual Appellees may be liable for the alleged claims. Yet, those decisions have nothing to do with this case. The North Carolina decision cited by Appellant addresses whether individuals could be

found liable for wrongful conduct committed in the course of corporate duties. The Indiana case cited by Appellant addresses whether a real estate agent owed and breached a fiduciary duty to its investor/client. Neither of these decisions pertain to the purported issue identified by Appellant. Specifically, Appellees have argued that Appellant has not alleged (nor could he) *wrongful* conduct since the actions at issue were all authorized by prior agreements signed by Appellant.[1]

Finally, Appellant purports to rely on a fourth decision (*Songwooyarn Trading*) for the proposition that a court should only determine whether acts are unfair or deceptive after a jury makes its findings of fact. Here, however, Appellant's well-pled allegations of fact are presumed true for purposes of resolving Appellees' motion to dismiss. Therefore, the trial court need not await a jury's findings of fact and, as with the three other decisions described above, this decision cited by Appellant is irrelevant to the issues pending before this Court.

Respectfully submitted,

ICE MILLER LLP


/s/ George Gasper

George Gasper
Attorney for Appellees


GG/slc

I/2749881.1

---

[1] To the extent Appellant now tries to "paraphras[e] oral argument," Defendants respectfully stand on the arguments they have asserted in briefing and during oral argument.